**CONMAR PRODUCTS CORPORATION v. TIBONY.**

Civ. No. 2225.

District Court, E. D. New York.

Oct. 10, 1941.

170

James & Franklin, of New York City, for plaintiff.

Judah B. Felshin, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion for the following relief, "for an order, I. Directing the Plaintiff:

"(a) To make more definite and certain the allegations of the Complaint, and particularly the charges in Paragraphs 7 and 11, thereof, to state whether the Defendant is charged under Paragraph 7 with violation of the confidential relations alleged to be set forth in the Employment Agreement therein referred to, for all of the plant and trade secrets set forth in Paragraph 6 of the Complaint, or only for those plant and trade secrets not set forth in the Letters Patent referred to in Paragraphs 9 and 10 of the Complaint;

"(b) To specify, if the Defendant is not charged under Paragraph 7 of the Complaint with violation of the confidential relations alleged to be set forth in the Employment Agreement therein referred to for all of the plant and trade secrets set forth in the Letters Patent referred to in Paragraphs 9 and 10 of the Complaint, exactly which of the plant and trade secrets are charged under Paragraph 7 of the Complaint to have been violated by the Defendant;

"(c) To specify which of the plant and trade secrets set forth in Paragraph 6 of the Complaint are disclosed in each of the Letters Patent referred to in Paragraphs 9 and 10 of the Complaint;

"(d) To make more definite and certain the allegations of Paragraph 5 of the Complaint, whether it is charged that the Defendant knew, during the period of his employment by the Plaintiff, that the alleged applications for Letters Patent for the alleged Plaintiff's trade and plant secrets were then pending;

"(e) To specify the claim or claims of the Letters Patent in suit, No. 2,201,068, which will be relied upon at the trial;

"(f) To specify precisely what elements the Plaintiff asserts to be new and patentable in each of the claims of Letters Patent, No. 2,201,068, in suit, as relied upon;

"(g) To specify precisely where in the alleged infringement or infringements the Plaintiff asserts there are to be found the elements set forth as new and patentable in the claims of Letters Patent, No. 2201068, in suit, as relied upon;

"(h) To specify the claim or claims of Letters Patent in suit, No. 2,221,740, which will be relied upon at the trial;

"(i) To specify precisely what elements the Plaintiff asserts to be new and patentable in each of the claims of Letters Patent, No. 2,221,740, in suit, as relied upon;

"(j) To specify precisely where in the alleged infringement or infringements the Plaintiff asserts there are to be found the elements set forth as new and patentable in the claims of Letters Patent, No. 2,221,740, in suit, as relied upon;

"(k) To make the Complaint more definite and certain by separately stating the cause of action for alleged violation of plant and trade secrets, and the cause of action for alleged infringement of Letters Patent, and the prayers for relief therefor;

"(1) To make more definite and certain the allegations of the Complaint in Paragraph 4 thereof, by stating whether it is charged that the Defendant was employed for the pioneering and making of the development alleged in Paragraph 3 of the Complaint, or whether it is merely charged that the Defendant was employed during the time of such alleged development, but took no part in such pioneering and development;

"(m) To make more definite and certain the allegations of the Complaint in Paragraph 4 thereof, by stating whether it is charged that the Defendant knew that the alleged development, with which it is charged that he came into intimate contact during the time of his employment, was secret or was to be maintained in confidence, and whether it is charged that the Plaintiff, or its agents, so instructed the Defendant in relation to the alleged plant and trade secrets set forth in Paragraph 6 of the Complaint;

"(n) To make more definite and certain the allegations of Paragraph 4 of the Complaint, by stating whether it is charged that the Defendant took part in all of the work done upon the developments of the plant and trade secrets set forth in Paragraph 6 of the Complaint, or upon just what part or parts of such work it is charged the Defendant took part during his employment by the Plaintiff;

"(o) To make more definite and certain the allegations of Paragraph 4 of the Complaint, by stating whether it is charged that the Defendant was employed by the Plaintiff during the entire time that

172

the Plaintiff was engaged in the pioneering and making of the development set forth in Paragraphs 3 and 4 of the Complaint;

 "(p) To specify those with whom the Defendant conspired, as alleged in Paragraph 7 of the Complaint, giving the full names and addresses of all such persons, firms or corporations;

 "(q) To specify those to whom it is alleged the Defendant disclosed the Plaintiff's alleged methods and apparatus, in alleged violation of the alleged confidential relations, as set forth in Paragraph 7 of the Complaint;

 "(r) To specify those to whom, and for whom, it is charged the Defendant, immediately after he left the employ of the Plaintiff on or about November, 1939, did disclose and build apparatus for the manufacture of Slide Fasteners, alleged to be the same in every material and substantial respect as the Plaintiff's apparatus;

 "(s) To specify to whom, after the issue of Letters Patent, No. 2,201,068, it is alleged, in Paragraph 11 of the Complaint, the Defendant did disclose, and for whom it is alleged the Defendant did design and build, apparatus embodying the development thereinbefore mentioned in said Complaint;

"(t) To specify to whom, after the issue of Letters Patent, No. 2,221,740, it is alleged, in Paragraph 11 of the Complaint, the Defendant did disclose, and for whom it is alleged the Defendant did design and build, apparatus embodying the development thereinbefore mentioned in said Complaint;

"II. Dismissing the Complaint as to the cause of action sought to be alleged in Paragraph 7 of the Complaint, as to the plant and trade secrets set forth in Paragraph 6 of the Complaint, and which, under sections I(a), (b) and (c) hereof, are specified to have been disclosed by the Plaintiff or its agents in the Letters Patent set forth in Paragraphs 9 and 10 of the Complaint;

"III. Dismissing the Complaint for the relief sought under Paragraph 7 of the Complaint in connection with the alleged plant and trade secrets set forth in Paragraph 6 of the Complaint, as to the plant and trade secrets, Nos. 1 to 7, because the Complaint states that such alleged plant and trade secrets are no longer secret;

"IV. Striking out the allegations of Paragraphs 4, 5, 6, 7 and 8, and the prayers for relief in that connection, for the reason that the Complaint shows that the Plaintiff is not entitled to any relief for alleged violation of plant and trade secrets, which, by the act of the Plaintiff, or its agents, are not secret;

"V. Enlarging the time of the Defendant to answer herein."

Plaintiff consents to the granting of I(e) and (h). These items relate to a specification of the claim or claims of the Letters Patent No. 2,201,068 and No. 2,221,740 respectively. The other items contained in item I are unnecessary to enable the defendant to answer.

 If the defendant is able to answer he is not entitled to a bill of particulars under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. If the defendant wishes further information concerning plaintiff's complaint after answering, he may proceed under Rules 26 and 33 of the Federal Rules of Civil Procedure.

 The complaint is sufficient and will not be dismissed. The plaintiff will be bound by the statements relating to the complaint which appear in the affidavit of Mr. Maxwell James, verified September 18, 1941, and the following language contained in the plaintiff's memorandum: "Defendant is separately and definitely charged with (1) breach of agreement and violation of trade secrets, and (2) patent infringement. Prior to the issue date of the first patent in suit, the first charge only applies. Subsequent to the issue date of the first or the second patent in suit, the first charge applies as to those secrets not disclosed in the patents and the second charge, that of patent infringement, applies as to those matters disclosed in the patents. That clearly is the plaintiff's theory of action in this case."

Settle order on notice.